Timothy **RUTUSHIN**, Plaintiff,

v.

**GENERAL MOTORS CORPORATION,**
**et al., Defendants.**

No. C81–291Y.

United States District Court,
N.D. Ohio, E.D.

Nov. 25, 1983.

---

5. A status hearing in this matter will be held on November 29, 1983, at 10:30 a.m.

John J. Dixon, Youngstown, Ohio, for plaintiff.

Dennis M. Kelly, Jones, Day, Reavis & Pogue, Cleveland, Ohio, Daniel G. Galant, Detroit, Mich., for General Motors Corp.

William P. Bobulsky and Elizabeth Grdina, Ashtabula, Ohio, for United Auto., Aerospace and Ag. Implement Workers of America and United Auto. Workers Local No. 1112.

## MEMORANDUM OF OPINION AND ORDER

KRENZLER, District Judge.

Plaintiff, Timothy Rutushin, filed this action on February 23, 1981 alleging wrongful discharge from employment from defendant, General Motors Corporation. Plaintiff also seeks relief from defendants, United Automobile, Aerospace and Agricultural Implement Workers of America (hereinafter Union) and United Automobile Workers Local # 1112 (hereinafter Local # 1112), for alleged breach of duty of fair representation in the grievance process that followed plaintiff's discharge. These claims arise under § 301 of the Labor Management Relations Act (hereinafter LMRA), 29 U.S.C. § 185.

Since plaintiff is precluded from recovering against defendant General Motors for breach of contract unless he also establishes that the Union breached its duty of fair representation, *Hines v. Anchor Motor Freight*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976), the Court will first address the allegation of breach of the duty of fair representation as the threshold issue.

Pending before this Court are motions for summary judgment pursuant to Fed.R. Civ.P. 56 filed by defendants Union and Local # 1112 on September 8, 1981 and by defendant General Motors on October 5, 1981.

In their motions for summary judgment, defendants contend that plaintiff failed to exhaust his intra-union remedies against the Union for breach of the duty of fair representation prior to filing the complaint so that plaintiff has no legal redress in this

Court. Furthermore, defendants contend that the statute of limitations bars plaintiff's action. Fed.R.Civ.P. 56 provides in pertinent part:

> A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

> \* \* \* \* \* \*

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The uncontested facts in this case are as follows. Plaintiff, Timothy Rutushin, was employed by defendant General Motors at the Lordstown, Ohio plant. On November 2, 1979 defendant General Motors discharged plaintiff for allegedly falsifying time cards that resulted in an overpayment to plaintiff. Plaintiff denies any involvement in such activity. During his period of employment, plaintiff was a member of the defendant Union and defendant Local # 1112.

Upon notification of the discharge, plaintiff filed a grievance with defendant General Motors through Local # 1112 on November 2, 1979. The filing of the grievance marked the beginning of the mandatory four-step grievance process established in the collective bargaining agreement between General Motors and the Union to resolve complaints between employees and General Motors. This four-step process begins with the filing of the grievance and ends with binding arbitration in the fourth step.

On January 16, 1980 representatives of defendant Local # 1112 and defendant Union voluntarily withdrew plaintiff's grievance without prejudice following Step Three of the grievance process in order to allow plaintiff an opportunity to resign. Step Three involved a hearing between Union officials and representatives of General Motors.

A controversy exists between plaintiff and defendants as to the date Union officials notified plaintiff that Union officials had withdrawn the grievance from the grievance process. Plaintiff contends that he was notified of the withdrawal in July or August of 1981. Defendant Union officials assert that plaintiff was notified shortly after the withdrawal.

■ A union breaches its duty of fair representation only when the union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967).

However, the United States Supreme Court has held it mandatory that an employee exhaust his contractual and arbitration remedies before filing a complaint against the union for breach of the duty of fair representation under § 301 of the LMRA. *Republic Steel v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). The Court reasoned that Congress had approved the contract grievance procedures as the preferred method for settling disputes, and this method would provide the employer and union with a uniform and exclusive method for orderly settlement of employee grievances. Id. at 653, 85 S.Ct. at 616.

■ Even when a union terminates the grievance process by voluntarily removing a union member's grievance before reaching arbitration, a union member must still challenge that union decision within the internal union appellate process under certain circumstances before bringing an action against the union under § 301 of the LMRA. In *Clayton v. Automobile Workers*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981), the United States Supreme Court required union members to challenge a union determination not to seek arbitration within the internal union appeal process if the union member's grievance is reactivated whenever the union member

prevails in the internal union appeal process. The Court in *Clayton*, 451 U.S. at 692, 101 S.Ct. at 2097, stated:

Where internal union appeals procedures can result in either complete relief to an aggrieved employee or reactivation of his grievance, exhaustion would advance the national labor policy of encouraging private resolution of contractual labor disputes. In such cases, the internal union procedures are capable of fully resolving meritorious claims short of the judicial forum. Thus, if the employee received the full relief he requested through internal procedures, his § 301 action would become moot, and he would not be entitled to a judicial hearing. Similarly, if the employee obtained reactivation of his grievance through internal union procedures, the policies underlying Republic Steel would come into play, and the employee would be required to submit his claim to the collectively bargained dispute-resolution procedures. In either case, exhaustion of internal remedies could result in final resolution of the employee's contractual grievance through private rather than judicial avenues.

■ Furthermore, a Letter of Agreement issued by the employer which automatically reactivates an employee's grievance into the collectively negotiated grievance procedure when a Union member prevails at any step in the internal Union appeal process supplies the requisite method for resolving an employee complaint short of the judicial system. *Miller v. General Motors Corp.*, 675 F.2d 146 (7th Cir.1981).

■ In the instant case, the United Auto Workers Constitution provides the internal Union appellate process by which Union members can contest a Union decision not to take a Union member's grievance to arbitration. A Union member is required to exhaust the internal Union remedies before seeking redress in a civil court or governmental agency for failure to adequately represent a Union member. Article 33, § 12. The internal Union appellate process begins with an appeal to the membership of the Local. Article 33, § 3. The time limits for an appeal begin to run from the time the appealing Union member becomes aware of the alleged action or decision appealed. Article 33, § 4(b). Furthermore, the International President, upon request, may waive the time for filing the appeal if warranted by the circumstances. Article 33, § 4(d).

In the instant case, pursuant to a Letter of Agreement submitted by General Motors to the Union on November 18, 1976, defendant General Motors must reactivate grievances into the grievance procedure if the employee has prevailed against the Union within the internal Union appeal process in the same matter.

Plaintiff knew of the internal Union appeal process but never filed an appeal from the Union and Local's decision to withdraw the grievance. Furthermore, plaintiff never requested a waiver of the time framework for filing an internal Union appeal even if he had believed the time limitation had expired.

If plaintiff Rutushin had filed an internal Union appeal following the Local's removal of his grievance from the grievance procedure and had prevailed on the appeal, the grievance would have been reactivated and the claim resolved within the preferred private rather than judicial avenue. Accordingly, this Court finds that plaintiff must exhaust his intra-union remedies in this matter before bringing a § 301 action within the judicial system.

Plaintiff contends, however, that he is excused from seeking this mandatory intra-union relief because such efforts would have been futile. Plaintiff bases his futility argument on the contention that the Union failed to inform him of the removal of the grievance, until July or August of 1980, and that at that time a Union representative informed plaintiff that the time limit for filing an internal union appeal had expired.

■ The United States Supreme Court has held that exhaustion of remedies is

excused where the remedies are futile. *Vaca v. Sipes,* 386 U.S. 171, 185, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967); *Glover v. St. Louis-San Francisco Railway Co.,* 393 U.S. 324, 89 S.Ct. 548 (1969). However, the union member must provide an adequate reason for failure to pursue internal union remedies. *Brady v. Trans World Airlines,* 401 F.2d 87, 104 (3rd Cir.1968). Furthermore, ignorance of union procedure or reliance upon remarks of union officials will not excuse a union member from attempting to invoke the intra-union appellate process. *Ritter v. Western Electric,* 504 F.Supp. 886, 889 (E.D.Pa.1980).

■ Plaintiff's argument that an internal Union appeal would have been futile thereby fails. Pursuant to the UAW Constitution, the time for filing of an appeal in the Union appellate process did not begin until plaintiff learned of the grievance withdrawal. Plaintiff did not file an appeal or even attempt to circumvent the appeal time requirement which he believed to have expired, although the Constitution provides a method for circumventing the time requirement. Plaintiff's ignorance of the Union procedure or reliance on statements of a Union official will not excuse the lack of an attempt to invoke the Union appellate process.

Accordingly, this Court finds that plaintiff has not presented an adequate reason for failure to seek a Union appeal, and therefore the § 301 complaint for breach of the duty of fair representation will not lie in this action because plaintiff Rutushin failed to exhaust the mandatory internal Union remedies available to him. The Court therefore need not consider the wrongful discharge or statute of limitations issues.

Defendants' motions for summary judgment are thereby granted pursuant to Fed. R.Civ.P. 56.

IT IS SO ORDERED.